**CHAMBERS v. BALDWIN.  (No. 625–4483.)**

(Commission of Appeals of Texas, Section B. April 28, 1926.)

1. **Courts** ⬯45.

Under Const. art. 5, § 7, Legislature may change judicial district, by taking a county therefrom.

2. **District and prosecuting attorneys** ⬯7(1) —County attorney of county transferred to another district held entitled to represent state in new district court in such county, as against nonresident district attorney of old district (Const. art. 5, § 21; Act 39th Leg. [1925] c. 16).

Under Const. art. 5, § 21, county attorney of Red River county, which was transferred from Sixth judicial district to 102d district by Act 39th Leg. (1925) c. 16, is entitled to represent state in all actions in 102d district court sitting in such county, as against Sixth judicial district attorney residing in Lamar county.

3. **District and prosecuting attorneys** ⬯8— Act requiring district attorney to prosecute cases in district court of new district while sitting in another county than that of his residence after its transfer from his district held unconstitutional (Const. art. 16, § 14; Acts 39th Leg. [1925] c. 16, § 8).

Acts 39th Leg. (1925) c. 16, § 8, requiring district attorney of Sixth judicial district, who resided in Lamar county, to prosecute criminal cases in 102d district court sitting in Red River county, after transfer thereof from former to latter district, until expiration of his term, violates Const. art. 16, § 14, requiring that all district officers reside in their districts.

4. **District and prosecuting attorneys** ⬯8—Act requiring Sixth district attorney to prosecute criminal cases in 102d district court, while sitting in Red River county, after its transfer from Sixth district, did not make such county part of Sixth district for criminal trials, so as to meet constitutional requirement of residence in district (Const. art. 16, § 14; Acts 39th Leg. [1925] c. 16, § 8).

Acts 39th Leg. (1925) c. 16, § 8, requiring district attorney of Sixth judicial district to prosecute all criminal cases in 102d district court while sitting in Red River county, in which he did not reside, after its transfer from Sixth district until expiration of his term, did not make such county part of Sixth district for criminal trials, so as to meet requirement of Const. art. 16, § 14, that he reside in district.

5. **Statutes** ⬯64(3)—Unconstitutionality of section requiring district attorney of district from which county was transferred to prosecute criminal cases in transferred county held not to affect validity of other sections (Acts 39th Leg. [1925] c. 16, §§ 8, 10).

Unconstitutionality of Acts 39th Leg. (1925) c. 16, § 8, requiring Sixth district attorney, not residing in Red River county, which was transferred from such district to 102d district, to prosecute criminal cases in latter county, does not affect validity of other sections of act, in view of section 10.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by E. B. Chambers against Wyatt Baldwin. A judgment dissolving a temporary restraining order was affirmed by the Court of Civil Appeals (274 S. W. 1011), and plaintiff brings error. Reversed and rendered.

─────────────────────────────

Robbins, Edwards & Bailey, of Clarksville, for plaintiff in error.

Edgar Wright, of Paris, for defendant in error.

POWELL, P. J. The nature and result of this case in the trial court have been admirably stated by the Court of Civil Appeals as follows:

"In November, 1924, the appellee, Wyatt Baldwin, was elected district attorney for the Sixth judicial district, composed of Fannin, Lamar, and Red River counties. At the time of his election and qualification, and at the time this suit was instituted, Mr. Baldwin resided in Lamar county. In February, 1925, the Thirty-Ninth Legislature passed an act (chapter 16) creating the 102d judicial district, composed of Red River and Bowie counties. Acts 1925, c. 16. Red River county was taken out of the Sixth judicial district, and the Sixth judicial district was continued to be thereafter composed only of the counties of Lamar and Fannin. Bowie county was already in the Fifth judicial district, and the creation of the 102d district gave that county two district courts. The act contained the following provisions:

" 'Section 2. Immediately after this act takes effect the Governor shall appoint some suitable person as judge of the 102d judicial district court who shall hold said office until the next general election for state and county officers, and until the election and qualification of his successor in office.

" 'Section 3. The clerk of the district court of Bowie county, Texas, as heretofore constituted, and his successors in office, shall be the clerk of both the Fifth judicial district court and of the 102d judicial district court in Bowie county hereby created, and shall perform all the duties of the clerk of both courts in Bowie county. * * *

" 'Section 8. The district attorney of the Sixth judicial district shall prosecute all criminal cases in the 102d judicial district court while sitting in Red River county until the expiration of his present term of office and thereafter the county attorney of Red River county shall prosecute all criminal cases in the district court of the 102d judicial district and shall represent the state in all matters wherein the state is a party, and shall receive such fees for his services as is now, or may hereafter be provided by the general laws of the state of Texas.'

"The appellant, E. B. Chambers, was duly elected county attorney of Red River county in November, 1924, and qualified in January, 1925. He is claiming the right to represent the state in criminal prosecutions in the district court of the 102d judicial district while sitting in Red River county, and to receive the legal fees therefor. In May, 1925, he filed in the district court of the 102d judicial district his petition seeking an injunction restraining Wyatt Baldwin from further representing the state in criminal prosecutions in the district court since the transfer of Red River county to the 102d judicial district. A temporary restraining order was granted, and upon final trial it was dissolved by the court. This appeal is by the appellant to revise the ruling of the court."

The Court of Civil Appeals affirmed the judgment of the district court. See 274 S. W. 1011.

[1] The Legislature had a perfect right to change the Sixth judicial district by taking Red River county therefrom. Section 7 of article 5 of our Constitution provides, in part, as follows:

"The state shall be divided into as many judicial districts as may now or hereafter be provided by law, which may be increased or diminished by law. For each district there shall be elected by the qualified voters thereof, at a general election, a judge, who shall be a citizen of the United States and of this state, who shall have been a practicing lawyer of this state, or a judge of a court in this state, for four years next preceding his election; who shall have resided in the district in which he was elected for two years next preceding his election; who shall reside in his district during his term of office; who shall hold his office for the period of four years, and shall receive for his services an annual salary of two thousand five hundred dollars, until otherwise changed by law. He shall hold the regular terms of his court at the county seat of each county in his district at least twice in each year, in such manner as may be prescribed by law."

[2] The duties of the county attorney are prescribed in section 21 of article 5 of our Constitution, reading as follows:

"A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the governor, and hold his office for the term of two years. In case of vacancy the commissioners' court of the county shall have power to appoint a county attorney until the next general election. The county attorneys shall represent the state in all cases in the district and inferior courts in their respective counties; but, if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall, in such counties, be regulated by the Legislature. The Legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provision for the compensation of district attorneys, and county attorneys; provided, district attorneys shall receive, an annual salary of five hundred dollars, to be paid by the state, and such fees, commissions and perquisites as may be provided by law. County attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law."

Under this last quoted section of our fundamental law, plaintiff in error is clearly entitled to represent the state in all actions in the district court of Red River county, unless it can be said that section 8 of the act in question, as already quoted, seeking to have the district attorney of the Sixth district serve the 102d district, in Red River county, is constitutional. We think it is not.

[3] Section 14 of article 16 of our Constitution reads as follows:

"All civil officers shall reside within the state, and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law;

(282 S.W.)

and failure to comply with this condition shall vacate the office so held."

Inasmuch as Red River county is no longer a part of the Sixth district, the defendant in error, a resident citizen of Lamar county, does not reside in a district of which Red River county is a part. Not residing there, he cannot perform the duties of that office in Red River county. This seems perfectly clear to us. The Supreme Court, in granting this writ, made a notation which covers the case correctly and completely. It was as follows:

"Since the Constitution, art. 16, § 14, requires a district attorney to reside in his district, and since Red River county is no longer in the Sixth district, the Legislature was without power to authorize the district attorney of the Sixth district to exercise the duties of his office in Red River county."

The Court of Civil Appeals affirmed the judgment of the trial court upon the following theory:

"In other words, the act intended to cut off Red River county from the old district and to put it in the new district for all purposes except as pertains to the district attorney's duties, and for this one purpose only this county was to presently continue a part of, and not be cut off by the act from, the old district."

The purpose of the Legislature is quite clear. It was attempting to take care of the district attorney of the Sixth district for the balance of his term. But the lawmakers did not have the power to limit the effect of its act organizing the 102d district in such a way as to contravene a clear provision of the Constitution. By this limitation, it was permitting a nonresident of Red River county and the 102d judicial district to perform in that county in that district the principal duties of the district attorney's office. It was without power to do so. For reasons satisfactory to themselves, the people of our state have decreed that a district attorney must reside within his district.

[4] If, by any stretch of the imagination, it might be said that Red River county was, under the terms of the act here involved, to be a part of the 102d district for *civil* trials, and of the Sixth district for *criminal* trials, we would have the judge of the 102d district being also the judge in Red River county of the Sixth district. On the other hand, the judge of the Sixth district would be judge in only a part of his own district. The Constitution provides that each district shall have "a judge." Consequently, such a contention would contravene the Constitution. The act, however, bears no such interpretation anyway. The act makes no provision for the judge of the Sixth district holding any kind of court in Red River county. As already stated, the Legislature was merely attempting to permit a district attorney to

serve in a county when he did not reside in that county or any other county of that district.

If the act had provided that Red River county for criminal cases should remain a part of the Sixth district, and the criminal trials would be presided over by the judge of the Sixth district, we might have a different question. We do not pass upon such a situation which is not before us.

[5] Article 8 of this act is unconstitutional. Since there is no legally qualified district attorney in Red River county, the county attorney is entitled to the relief sought. This ruling does not affect the other sections of this act, because section 10 thereof reads as follows:

"And in case any section of this act shall be held unconstitutional, then and in that event it shall not affect the validity of any of the other sections hereof."

For the reasons indicated, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and judgment here rendered for plaintiff in error for the injunctive relief as prayed for by him.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.