## REED v. TRIPLETT, County Judge, et al.
### No. 2926.

Court of Civil Appeals of Texas. Waco.
June 29, 1950.

Rehearing Denied July 20, 1950.

170

Shirley W. Peters, Dallas, J. Webb Stollenwerck, Hillsboro, for appellant.

Wm. C. Morrow, Hillsboro, C. M. Smith-deal, Lewis Lefkowitz, Dallas, Jerry E. Clarke, A. J. Bryan, Jack Sims, all of Hillsboro, for appellees.

HALE, Justice.

This is an appeal from an order of the District Court of Hill County denying an application for a temporary injunction. John M. Reed, appellant, instituted suit against Hill County, its County Judge, Commissioners, Clerk, Treasurer, Auditor and Wm. M. Williams, alleging in substance that the officers of Hill County were paying out of its tax revenues certain sums of money to Williams as County Attorney and would continue to do so unless enjoined, and that such payments were unlawful because the 51st Legislature of Texas, by the enactment of Chap. 360 of the Acts passed at its regular session, had in effect abolished the office of County Attorney in Hill County. Appellant prayed, among other things, that upon notice and hearing a temporary injunction be issued enjoining the county officers from making any further payments to Williams. By written stipulation of the parties the application was submitted to the court below for hearing upon an agreed statement of facts, with the result above indicated.

From the agreed statement of facts it appears that appellant is a resident, taxpaying citizen of Hill County. Prior to September 1, 1949 Hon. Wm. B. Martin was the duly elected and qualified County Attorney of Hill County, with Hon. Wm. M. Williams as Assistant County Attorney. In accordance with the provisions of Chap. 360 of the Acts passed by the 51st Legislature in 1949, the Governor of Texas appointed Wm. B. Martin as District Attorney for the 66th Judicial District of Texas, and on September 1, 1949 Mr. Martin duly qualified as such appointee in the manner required by law. On September 19, 1949 the Commissioners' Court of Hill County entered an order appointing Wm. M. Williams to fill the vacated office of County Attorney until a successor could be elected to that position. Thereafter, on the same day, Mr. Williams subscribed to the constitutional oath and filed his official bond as County Attorney of Hill County, and his bond as such was duly approved by the Commissioners' Court. Mr. Williams immediately entered upon the performance of the duties of County Attorney and continued to perform such duties until the date of the hearing herein on the 27th day of May, 1950, and the officers of Hill County have paid to him as salary for his services as County Attorney the sum of $354.16 per month, beginning October 1, 1949. Mr. Williams has accepted such payments as salary and will continue to demand such payments each month until December 31, 1950. The salary of County Attorney for counties of the class of Hill County is fixed by law at $4250 per annum.

Appellant says the court below erred in denying the injunctive relief sought by him and in "holding that the office of county attorney of Hill County, Texas, is a duly and legally constituted office, lawfully existing under the constitution and laws of the State of Texas, thus, in effect, holding that Chapter 360, of the acts passed by the 51st Legislature at its regular session, did not create the office of Resident Criminal District Attorney within the meaning of Article V, Section 21, of the Constitution of the State of Texas [Vernon's Ann.St.

Const.]" He contends, as we understand his brief and arguments, that the terms "criminal district attorney" and "district attorney" as employed in Art. V, Sec. 21 of the Constitution are identical in meaning; that the necessary legal effect of Chap. 360 of the Acts passed by the 51st Legislature was to create the office of resident criminal district attorney in Hill County and thereby to abolish the office of county attorney in that county; and that the purported act of the Commissioners' Court of Hill County in thereafter attempting to appoint Mr. Williams as County Attorney was null and void. Hence, he insists that he was entitled as a taxpayer to maintain the class action declared upon and to obtain the injunctive relief sought without the necessity of alleging or proving an interest in the subject matter of the suit above and different from the commonalty of citizens for whose benefit he sued.

Art. V, Sec. 21 of the Constitution of Texas reads as follows: "A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of two years. In case of vacancy the commissioners' Court of the county shall have power to appoint a county attorney until the next general election. The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature. The Legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provision for the compensation of district attorneys, and county attorneys; provided, district attorneys shall receive an annual salary of five hundred dollars, to be paid by the State, and such fees, commissions and perquisites as may be provided by law. County attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law."

Chap. 360 of the Acts of the 51st Legislature, carried forward as Art. 322c of Vernon's Tex.Civ.Stats., is as follows:

"Section 1. There is hereby created the office of District Attorney in the 66th Judicial District of Texas composed of Hill County, created by House Bill No. 487, Acts, 1905, Twentieth Legislature, Regular Session, page 37, as amended.

"Sec. 2. There shall be elected at the next general election after the effective date of this Act and at each general election thereafter a District Attorney for the 66th Judicial District of Texas composed of Hill County, who shall represent the State of Texas in all criminal cases in the 66th District Court and perform such other duties as are or may be provided by law governing District Attorneys and he shall receive such compensation as is allowed by law to other District Attorneys in this State. The Governor shall appoint a qualified licensed attorney to serve as District Attorney for the 66th Judicial District from September 1, 1949, until the next general election and until his successor is duly elected and qualified. Acts 1949, 51st Leg., p. 688, ch. 360."

We cannot agree with the contention that the framers of the Constitution did not intend to convey or imply any distinction in meaning between the terms "criminal district attorney" and "district attorney" as those terms were used in Art. V, Sec. 21 thereof. If no difference between such terms was intended, then we see no valid reason why both were employed. To hold that both terms are synonymous and identical in meaning, we must assume that the framers of the Constitution employed different terms and words indiscriminately without any apparent reason. We do not think such presumption should be indulged by the courts in this case. While the Constitution does not define either of these terms, it refers in the same article and section to three offices, viz.: county attorney, district attorney and criminal district attorney. As said by the Supreme Court in the case of Hill County v. Sheppard, 142 Tex. 358, 178 S.W.2d 261, a criminal district attorney is a district attorney within the meaning of the Constitution because

the former term refers to a class or kind of district attorney. However, it does not follow that a district attorney is necessarily a criminal district attorney or that the two offices are identical in meaning or function merely because the former is inclusive of the latter. In order to be identical in meaning, each term and office must be mutually inclusive of the other.

In our opinion the legislative history of this State relating to the office and duties of district attorneys and criminal district attorneys undoubtedly demonstates a continuing public policy on the part of the legislative and executive departments of the government, since the adoption of the Constitution in 1876, to recognize and proceed upon the construction and assumption that there was and is a distinction and difference under the Constitution between these two offices. Such is the clear implication, we think, arising from the extensive statutory provisions as presently embraced in Title 15 of Vernon's Tex.Civ.Stats. relating to district and county attorneys. It appears that the Legislature has proceeded at all times upon the presumption that it was vested with broad discretionary powers in creating such offices throughout the State and defining the duties of each. It is a matter of common knowledge that there are numerous counties in Texas where a resident district attorney and a county attorney are now and have been for many years each performing in an acceptable manner the legal duties imposed upon them, respectively. Although we do not wish to infer that such history is of controlling effect in its application to the questions of law here presented for decision, we are of the opinion that the same is entitled to due consideration and weight and that the courts should not now disturb the status quo ante with respect to district and county attor-

neys except for some clear and cogent reason. Gulf, C. & S. F. Ry. Co. v. City of Dallas, Tex.Com.App., 16 S.W.2d 292; Mumme v. Marrs, 120 Tex. 383, 40 S.W.2d 31. No such reason has been advanced to our satisfaction in this case.

The 51st Legislature was undoubtedly vested with power, had it deemed such action necessary, to have created the office of criminal district attorney in the 66th Judicial District composed of Hill County and to have abolished the office of county attorney in that county. Jones v. Anderson, Tex.Civ.App., 189 S.W.2d 65, er. ref.; Neal v. Sheppard, Tex.Civ.App., 209 S.W.2d 388, er. ref. But the Legislature did not attempt to exercise any such power by the enactment of Art. 322c of Vernon's Tex.Civ.Stats. It merely created the office of district attorney in the 66th Judicial District of Hill County without abolishing or attempting to abolish the office of county attorney in that county. We see no Constitutional inhibition against the exercise of such power, even though the judicial district within which the office of district attorney was created consists only of Hill County. Whether or not it was necessary, expedient or wise for the Legislature to have created the office of district attorney in Hill County and at the same time leave the office of county attorney intact, involves political questions for the determination of the legislative branch of the government and not judicial questions for the decision of the courts.

Because we cannot say the legal effect of Chap. 360 of the Acts passed by the 51st Legislature was to abolish the office of county attorney in Hill County, the order appealed from is affirmed.

TIREY, J., did not participate in the disposition of this cause.