

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 22, 1969

Honorable Hollis Garmon
District Attorney
8th Judicial District
Post Office Box 111
Greenville, Texas 75401

Opinion No. M- 500

Re: Status of Hunt County
District Attorney under
Senate Bill No. 22, Acts
1969, 61st Leg., 2nd C.S.

Dear Mr. Garmon:

Your recent letter requests the opinion of this office concerning your status as District Attorney of the 8th Judicial District of Texas in view of Senate Bill No. 22, Acts 1969, 61st Legislature, 2nd Called Session. Your specific question is:

"Am I disqualified to continue to serve as District Attorney of the 8th District consisting of Hopkins, Rains and Delta Counties, although I reside in Hunt County?"

Your letter also included the following facts and observations:

"I reside in Hunt County. Article 332 Revised Civil Statutes provides that the District Attorney shall be a resident of the District. I do not reside in the existing 8th District Attorney's jurisdiction.

"The Texas Constitution provides that an officer continues to serve until his successor has been elected, appointed, or qualified; therefore, I presume that my status as District Attorney of the 8th and 196th Districts continues simultaneously until appointments are made."

Prior to the enactment of Senate Bill No. 22, the 8th Judicial District was composed of Hunt, Hopkins, Delta and Rains Counties, while the 62nd District was composed of Hunt, Lamar, Delta, Franklin and Hopkins Counties. You reside in Hunt County, were duly elected District Attorney for the 8th

- 2391 -

Judicial District at the last general election, and have been serving in that capacity.

Senate Bill 22 creates the 196th Judicial District which is composed of Hunt County only, and Hunt County is removed from the 8th and 62nd Judicial Districts. Senate Bill 22 also creates the office of District Attorney for the 196th Judicial District.

As we understand the undisputed facts, you resided in Hunt County on the effective date of Senate Bill 22; you have resided in Hunt County since that time; and you are continuing to reside in Hunt County. Under these conditions, it is the opinion of this office that there exists a vacancy in the office of District Attorney of the 8th Judicial District of Texas.

Article XVI, Section 14 of the Constitution of Texas provides:

"All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

Article 332, Vernon's Civil Statutes, in part, provides:

". . . district and county attorneys shall reside in the district and county respectively, for which they are elected; . . ."

In 47 Texas Jurisprudence 2d 20, Public Officers, Section 7, it is observed that a public officer ". . . holds subject to the right of the proper authority to abolish the office and thus oust him before the expiration of the term for which he was elected or appointed; also subject to the right given by the constitution to alter the territory in which he exercises his functions, though as a result his compensation is reduced or he is deprived of his office."

In Ward v. Bond, 10 S.W.2d 590 (Tex.Civ.App. 1928, no writ), it was held that an order redistricting a county was not invalidated by the fact that it resulted in putting commissioners, who formerly lived in other precincts and who

had been nominated for re-election, in the same precinct, thus making it impossible for one of them to be re-elected.

Article XVI, Section 14 of the Texas Constitution, requiring all district or county officers to reside within their district or county and providing for vacation of office upon failure to do is self-enacting. Prince v. Innman, 280 S.W.2d 779 (Tex.Civ.App. 1955, no writ); Harrison v. Chesshir, 316 S.W.2d 909 (Tex.Civ.App. 1958, rev. on other grounds, 159 Tex. 359, 320 S.W.2d 814).

In Lamb v. State, 267 S.W.2d 285 (Tex.Civ.App. 1954, no writ), the following comment was made:

"Article 16, § 14, on the other hand relates to the office primarily, rather than to the individual occupying the same. In the event a certain state of facts exist, the constitutional mandate imperatively declares the office vacant."

In Chambers v. Baldwin, 282 S.W. 793 (Tex.Comm.App. Section D, 1926), the basic facts were these: Baldwin was elected District Attorney for the 6th Judicial District, composed of Fannin, Lamar and Red River Counties. At the time of his election and qualification, and at the time the suit was commenced, Baldwin resided in Lamar County. After Baldwin took the office of District Attorney of the 6th Judicial District, the Legislature passed an Act creating the 102nd Judicial District, composed of Red River and Bowie County. Red River County was taken out of the 6th District, and the 6th District was continued to be thereafter composed only of the Counties of Lamar and Fannin. The Legislature further provided that the District Attorney of the 6th Judicial District should prosecute all criminal cases in the 102nd Judicial District Court while sitting in Red River until the expiration of his present term of office. The Court, citing Section 7 of Article V of the Constitution of Texas, held that the Legislature had a perfect right to change the 6th Judicial District by taking Red River County therefrom. The Court further observed that for reasons satisfactory to themselves, the people of our State have decreed that a District Attorney must reside within his district; and the Court held:

"Since the Constitution, art. 16, 8 14, requires a district attorney to reside in his district, and since Red River county is no longer in the Sixth district, the Legislature was without power to authorize the district attorney of the Sixth district to exercise the duties of his office in Red River county."

We perceive nothing in your situation which extricates it from the teeth of the holding in Chambers v. Baldwin, supra, and the legal principles announced in that decision make mandatory our conclusion that the vacancy now exists in the office of District Attorney of the 8th Judicial District of Texas.

As to the office of District Attorney of the newly created 196th Judicial District, it is the opinion of this office that you are not the District Attorney of such District, either de jure or de facto. You were not elected to the office of District Attorney of the 196th District, and you have not been appointed to that post. Furthermore, as far as we know, no one has been appointed to that particular office. Since no one has ever held the office, it is impossible for you or anyone else to be a successor. A successor is defined as one that succeeds or follows, one who takes the place that another has left, one who has been appointed or elected to hold an office after the term of the present encumbent. See Thompson v. North Texas National Bank, 37 S.W.2d 735 (Tex.Comm.App. 1931). Under these circumstances the only officer who can perform the prosecuting attorney's functions in Hunt County is the County Attorney of Hunt County, who may represent the State in all cases in the district and inferior courts until such time as the office of District Attorney for the 196th Judicial District is properly filled. Article V, Section 21 of the Constitution of Texas; Chambers v. Baldwin, supra.

Collateral to your opinion request this office has also received an inquiry from the Honorable Robert S. Calvert, Comptroller of Public Accounts of the State of Texas, asking our opinion as to whether he can legally disburse to you the salary of the District Attorney of the 8th Judicial District of Texas after September 19, 1969, the effective date of Senate Bill 22.

The facts contained in your opinion request reflect that you were a resident of Hunt County on September 19, 1969, and have continued to reside in Hunt County, without any intention to establish your residence anywhere else. It has also come to our attention that on October 2, 1969, you qualified as District Judge of the new 196th District in Hunt County, and in order to do so you were required to be a permanent resident of said County. Hence we have before us a state of facts under which in the language of Lamb v. State, supra, "the Constitutional mandate imperatively declares the office vacant." We therefore conclude that the Comptroller is not legally authorized to disburse to you the salary of District Attorney of the 8th Judicial District after September 19, 1969.

## S U M M A R Y

Under Senate Bill 22, Acts 1969, 61st Legislature, Second Called Session, effective September 19, 1969, Hunt County was removed from the 8th Judicial District of Texas and was made the territory of the newly created 196th Judicial District of Texas; therefore, under the provisions of Section 14 of Article XVI of the Constitution of Texas there exists a vacancy in the office of District Attorney of the 8th Judicial District of Texas under circumstances where the duly elected District Attorney of said 8th Judicial District resided in Hunt County on the effective date of Senate Bill 22, has resided in Hunt County since that time, and continues to so reside. Until such time as a person is appointed and qualified to the office of District Attorney of the newly created 196th Judicial District of Texas, no one has authority or color of authority to act in such capacity, and the duties of prosecuting attorney for Hunt County must be fulfilled by the County Attorney of that County until such time as the office of District Attorney is filled by appointment. Under the facts submitted, the Honorable Hollis Garmon was a non-resident of the 8th Judicial District of Texas on and after September 19, 1969; therefore, the office of said

Hon. Hollis Garmon, page 6 (M-500)

District Attorney became vacant as of September 19, 1969, and the Comptroller is not authorized to disburse to said Hollis Garmon the salary of District Attorney of the 8th Judicial District after September 19, 1969.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

AW:dc

Prepared by Alfred Walker
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
W. E. Allen
R. L. Lattimore
Louis G. Neumann
T. Ray McGregor

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant