

# The Attorney General of Texas

April 19, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

_20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Frank Tejeda
Chairman
Committee on Judicial Affairs
Texas House of Representatives
Austin, Texas    78769

Opinion No. JM-25

Re:  Whether House Bill No. 332, creating a new district court for Henderson County violates article IV, section 12 of the Texas Constitution

Dear Representative Tejeda:

You have submitted questions about the constitutionality of House Bill No. 332, Sixty-eighth Legislature, Regular Session (1983), which proposes, among other things, to remove Henderson County from the 173rd Judicial District, create a new judicial district composed of only Henderson County, create the office of district attorney for the newly created district, and divest the district attorney of the 3rd Judicial District of his powers and duties in Henderson County.

Your first question relates to section 5 of the bill and whether the legislature by statutory enactment can designate the person to fill a vacancy in the office of the judge of the newly created district court.  Section 5 proposes the following:

> On the effective date of this Act, the judge of the 173rd Judicial District Court shall be commissioned as judge of the [new] Judicial District, provided, however, that he shall reside in Henderson County on that date, and further provided that he shall resign from his position as district judge of the 173rd Judicial District.

It is generally accepted that the power to appoint persons to public office is by its nature an executive function, but the power of appointment belongs where the people have chosen to place it by their constitution or laws.  Although the power of appointment is not per se an executive function under the doctrine of separation of governmental powers, if a constitution expressly confers it on the executive department, the legislative department may not exercise the power of appointment by legislative enactment.  See, e.g., Springer v. Government of Phillippine Islands, 277 U.S. 189 (1928); Myers v. United States, 272 U.S. 52 (1926); Wittler v. Baumgartner, 180 Neb.

446, 144 N.W.2d 62, 71 (1966); Howell v. Howell, 213 Ark. 298, 208 S.W.2d 22, 25-26 (1948); Tucker v. State, 35 N.E.2d 270 (Ind. 1941); Lasher v. People, 183 Ill. 226, 55 N.E. 663 (1899). The Texas Constitution does expressly confer on the governor the power to fill vacancies in certain offices by appointment.

Article II, section 1, of the Texas Constitution, divides the powers of government between the legislative, executive, and judicial departments and prohibits any of those departments from exercising the power belonging to either of the other departments, except as expressly provided by the Texas Constitution. Article IV, section 12, provides that all vacancies in state or district offices, except members of the legislature, shall be filled by appointment of the governor, unless otherwise provided by law. Article V, section 28, when construed together with article IV, section 12, relates specifically to certain judicial offices and provides that vacancies in the office of judges of the appellate courts and the district courts shall be filled by the governor with no provision for providing otherwise by law. The Texas Supreme Court has stated that if an act creates a new district court, it creates a new office and an attempt to appoint the judge by legislative action is null and void, as it is not a legislative power to appoint district judges. It is an executive power by the plain terms of the Texas Constitution. State v. Manry, 16 S.W.2d 809, 812-813 (Tex. 1929). Accordingly, the legislature cannot designate the person to fill the newly created district court.

Under article XVI, section 14, of the Texas Constitution, which works a self-enacting vacation of office on the failure of a district officer to reside in his district, a person holds an office subject to the constitutional right of the proper authority to alter the territory in which he performs his powers and duties and thereby to deprive him of his office before the expiration of his term. See Chambers v. Baldwin, 282 S.W. 793 (Tex. Comm'n App. 1926, judgmt adopted); Prince v. Inman, 280 S.W.2d 779 (Tex. Civ. App. - Beaumont 1955, no writ), 47 Tex. Jur. 2d Public Officers, §7, at 8. If we presume correctly that the present judge of the 173rd District Court resides in Henderson County, we believe the office of the judge of that court would become automatically vacant on the effective date of House Bill No. 332 which removes Henderson County from the district. Furthermore, notwithstanding the provisions of section 5 of the bill, the legislature by statutory enactment cannot designate the person to fill the vacancy in the office of the judge of either the newly created district court or the 173rd District Court.

While House Bill No. 332 does not relate to criminal district attorneys, you also asked if there is a difference in a statutory enactment to designate a person to fill a vacancy in the office of a criminal district attorney and such an enactment by the legislature to

designate a person to fill a vacancy in the office of a district judge. The Texas Supreme Court has defined the term "criminal district attorney" as a class or kind of district attorney and has determined that a criminal district attorney is a district attorney within the meaning of the constitution. Hill County v. Sheppard, 178 S.W.2d 261, 263 (Tex. 1944); Attorney General Opinions H-473 (1974); M-1087 (1972). Therefore, with the exception of article V, section 28, of the Texas Constitution which relates only to judicial offices, the same provisions apply to filling a vacancy in an office of a district judge and filling a vacancy in an office of a criminal district attorney.

Your second question relates to section 6 of House Bill No. 332 and whether the legislature may divest a district attorney of a multi-county judicial district of his powers and duties in one or more of the counties comprising the judicial district. Section 6 proposes the addition of the following sections to article 322, V.T.C.S.:

> Sec. 3. The district attorney for the 3rd Judicial District shall be elected by the citizens qualified to vote of Anderson and Houston Counties; the citizens of Henderson County shall not participate in the election of the district attorney for the 3rd Judicial District.

> Sec. 4. The district attorney for the 3rd Judicial District shall perform the duties imposed and have all the authority conferred on district attorneys by the general laws of the state within the counties of Anderson and Houston. Such district attorney shall not be responsible for performing the duties of district attorney and shall not have the authority conferred on district attorneys within the county of Henderson.

Article V, section 21, of the Texas Constitution empowers the legislature to provide for the election of district attorneys in districts where the legislature deems it necessary but does not require the creation of any offices of district attorney. See Reed v. Triplett, 232 S.W.2d 169 (Tex. Civ. App. - Waco 1950, writ ref'd). Article V, section 21, directs the legislature to regulate the duties of district attorneys and county attorneys in the counties that are included in a judicial district in which there is a district attorney. Attorney General Opinion H-1127 (1978). In exercising its power to allocate the duties of county attorneys and district attorneys, including criminal district attorneys, in the counties that are included in judicial districts for which it created the office of district attorney, the legislature on numerous occasions has divested a district attorney of his authority and constituency in one or more

counties.   See V.T.C.S. arts. 326k-23, 326k-32, 326k-36, 326k-45a, 326k-59, 326k-75, 326k-76, 326k-80, 326k-81, 326k-83, 326k-85, 326k-86, 332b-2, and 332b-3.  We believe that legislative enactment divesting a district attorney of his authority and constituency in one or more of the counties in a multi-county judicial district is authorized by article V, section 21, and is consistent with the legislature's own interpretation of that section of the constitution.

## S U M M A R Y

The Texas Constitution provides that a vacancy in the office of a district judge shall be filled by appointment of the governor and the legislature does not have the power to designate the person to fill the vacancy.   The Texas Constitution authorizes the legislature to divest a district attorney of a multi-county judicial district of his authority and constituency in one or more of the counties comprising the judicial district.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
David Brooks
Rick Gilpin
Jim Moellinger
Nancy Sutton