Mr. Aubrey L. Bullard Executive Director Texas Veterans Commission P.O. Box 12277 Austin, Texas 78711
Re: Compliance with article 5787, section 1(f), V.T.C.S., requiring a county to maintain and operate a veteran's county service office
Dear Mr. Bullard:
You ask about article 5787, section 1(f), V.T.C.S., which requires counties with a population of 200,000 or more to maintain and operate a Veterans County Service Office.
Since 1963 all counties have been authorized to maintain and operate a Veterans County Service Office if the commissioners court finds that such an office is a public necessity. V.T.C.S. art. 5787, § 1(a); Acts 1963, 58th Leg., ch. 112, at 226. In 1985, however, the legislature amended article 5787 by adding section 1(f) to make such an office mandatory rather than optional for counties with a population of 200,000 or more. Section 1(f) provides:
 (f) Mandatory operation. In a county with a population of two hundred thousand (200,000) or more, according to the most recent Federal Census, the Commissioners Court shall maintain and operate a Veterans County Service Office in accordance with this section. The office must be separate and distinct from other county offices, and must be staffed by at least one full-time employee.
Acts 1985, 69th Leg., ch. 889, § 1, at 3014. You ask when a county must be in compliance with section 1(f).
The act that added section 1(f) to article 5787 took effect on September 1, 1985. Acts 1985, 69th Leg., ch. 889, at 3014. The legislature is free to fix the time that an act takes effect. Chambers v. Baldwin, 274 S.W. 1011, 1013 (Tex.Civ.App.-Texarkana 1925), rev'd on other grounds, 282 S.W. 793 (Tex. 1926); see also Tex. Const. art. III, § 39. Therefore, counties with a population of 200,000 or more became subject to the requirements of article 5787, section 1(f) on September 1, 1985, and should now be in compliance.
 SUMMARY
Counties with a population of 200,000 or more became subject to the requirements of article 5787, section 1(f), V.T.C.S., on September 1, 1985, and should now be in compliance.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General