388

NEAL v. SHEPPARD, Comptroller, et al.
No. 6324.

Court of Civil Appeals of Texas. Texarkana.
Jan. 22, 1948.

Rehearing Denied Feb. 12, 1948.

Shirley W. Peters, of Dallas, for appellant.

Price Daniel, Atty. Gen., Jackson Littleton, Asst. Atty. Gen., and Earl Sharp and W. T. Saye, both of Longview, for appellee.

HARVEY, Justice.

LeRoy Neal filed suit in the District Court of Gregg County, Texas, attacking the legal existence of the office of district attorney of Gregg County and to try the title of the office of county attorney of such county. By way of ancillary relief he sought to compel the officers of Gregg County to issue a certificate of office to him and asked for an injunction restraining the State Comptroller of Public Accounts from paying out funds of the State of Texas for an allegedly unlawful purpose. The case was tried to the court upon an agreed statement of facts and from a judgment denying all relief prayed for, Neal has perfected an appeal to this court.

In 1931 the Legislature passed an act creating the 124th Judicial District Court of Gregg County, a court of general jurisdiction, for a period of four years, and at the same time, as incidental to the organization of such court, created the office of criminal district attorney. This statute abolished the office of county attorney and provided that the criminal district attorney should perform all the duties of county attorney and district attorney. In 1935, this newly created court and the office of criminal district attorney were made permanent. Art. 199, par. 124, Vernon's Ann.Civ. St. At the next general election after the passage of the act in 1931 a criminal district attorney was elected and qualified, and each two years thereafter a criminal district attorney has been elected to serve in

such capacity, but during this time there has been no county attorney in Gregg County. Appellee R. L. Whitehead is the present criminal district attorney elected and serving pursuant to the provisions of the statute in question. In 1946 LeRoy Neal announced as a candidate for the office of county attorney and was the only candidate for such office. It is stipulated that in the primary and general elections he received votes and would have been elected to the office of county attorney if it existed; the county judge and commissioners' court of Gregg County refused, however, to approve a bond presented by Neal, or to certify his name to the Secretary of State on the ground that the office of county attorney for Gregg County did not exist. The sole issue presented here is whether or not the act of the Legislature passed at its First Called Session in 1931, carried forward as Art. 199, par. 124, R.C. S. of Texas, is valid; or, stated differently, whether the Legislature by reason of such enactment lawfully created the office of criminal district attorney as a part of the organization of a district court of general jurisdiction.

 The government of the United States is one of enumerated powers; that is, the Congress is empowered by the terms of the Constitution to legislate with respect to such matters as are specifically set out therein. Congress has the power to legislate only in regard to such enumerated grants of authority, or with respect to such grants as arise by necessary implication. Martin v. Hunter's Lessee, 1 Wheat. 304, 4 L.Ed. 97. On the other hand, State Legislatures have all legislative power subject to such limitations as might be imposed by the State and Federal Constitutions. Such bodies are authorized to legislate in all fields in which they are not by express restriction in such Constitutions forbidden to do so, or in which they are not limited by reason of necessary implication. 16 C.J.S., Constitutional Law § 70.

"When a law of Congress is assailed as void, we look to the national Constitution to see if the grant of specified powers is broad enough to embrace it; but when a State law is attacked on the same ground, it is pre-sumably valid in any case, and this presumption is a conclusive one, unless in the Constitution of the United States or of the State we are able to discover that it is prohibited. We look in the Constitution of the United States for grants of legislative power, but in the constitution of the State to ascertain if any limitations have been imposed upon the complete power with which the legislative department of the State was vested in its creation. Congress can pass no laws but such as the Constitution authorizes either expressly or by clear implication; while the State legislature has jurisdiction of all subjects on which its legislation is not prohibited." Cooley's Constitutional Limitations, Seventh Edition, page 242; Lytle v. Halff, et al., 75 Tex. 128, 12 S.W. 610.

These principles are elementary and fundamental. In determining whether or not the Legislature transcended its constitutional prerogative in passing the statute under consideration, it is necessary to ascertain if there is any express or implied provision in our State Constitution which prohibits or limits the exercise of the power so undertaken. We are governed, in passing upon this question, by the firmly settled rule of constitutional interpretation that a reasonable construction should be given the provisions of the instrument and that legislative enactments are presumed to be constitutional, with every doubt being resolved in favor of their validity. In order of a statute to be held void it clearly must be made to appear that it is in conflict with some portion of the Constitution.

The appellant refers to three provisions of the Constitution of Texas, Vernon's Ann.St.; namely, Sections 1, 16, and 21, of Article V. The part of Section 16 referred to provides that the County Court shall not have criminal jurisdiction in any county where there is a criminal district court. Section 1 creates the various classes of courts; continues in existence the Criminal District Court of Galveston and Harris Counties, until otherwise provided by law; and empowers the Legislature to establish such other courts as it may deem necessary and to prescribe the jurisdiction and organization thereof. Section 21 is as follows:

"A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of two years. In case of vacancy the Commissioners' Court of the county shall have power to appoint a county attorney until the next general election. The county attorney shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature. The Legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provision for the compensation of district attorneys, and county attorneys; * * *"

It will be seen that none of these provisions in express terms prohibits the creation of the office mentioned in the first sentence, resident criminal district attorney, without its being created as part of a strictly criminal district court. Viewed from another angle, this section does not provide affirmatively for the creation of such an office other than is set out in the portion which authorizes the Legislature to make provision for the election of "district attorneys." Under Sec. 1, supra, the Legislature may lawfully establish a Criminal District Court and provide for its organization, and also may create the office of criminal district attorney and provide for his duties. Cunningham v. City of Corpus Christi, Tex.Civ.App., 260 S.W. 266; Jones v. Anderson, Tex.Civ.App., 189 S.W.2d 65. In the case of Hill County v. Sheppard, 142 Tex. 358, 178 S.W.2d 261, in which it was held that the Legislature could not create a statutory office with authority to take over the duties of county attorney, it was stated that the office of criminal district attorney is a constitutional one, being a kind or class of district attorneys within the meaning of the Constitution. The writer of that opinion pointed out that the question of whether the Legislature could create the office of criminal district attorney for a court other than a criminal district court was not being decided.

In analyzing Sec. 21 of Art. V, it is to be noted that a county attorney shall be elected for counties in which there is not a resident criminal district attorney; that county attorneys shall represent the State in all cases in the district court and inferior courts in their respective counties; and in the event any county shall be included in a district which has a district attorney, the respective duties of the district and county attorneys shall be regulated by the Legislature. Under these provisions there is to be no county attorney in a county in which there is a resident criminal district attorney. No intent is manifested in the provision quoted to parallel the attorneys named with the jurisdiction of the various courts. A resident criminal district attorney acts in lieu of the county attorney and necessarily would perform the duties of the county attorney in both civil and criminal matters. If we reason that a criminal district attorney's duties are limited to criminal matters and that such office cannot lawfully exist unless as a part of the organization of a criminal district court within counties that have a resident criminal district attorney, which perforce leaves the county without a county attorney, then the State would be without representation in matters other than criminal and without representation in other courts in the county. It is our opinion that there is no implied prohibition in the provisions of the Constitution, to which reference is made above, which limits the power of the Legislature to create the office of criminal district attorney as a part of the organization of a district court of general jurisdiction. Sec. 1 of Art. V, confers a very broad power upon the Legislature in the organization of the courts of the State. There is no indication therein that it was intended to limit unduly such legislative authority. It is not reasonable to assume, under the broad discretionary powers conferred upon the Legislature in creating and organizing courts under Section 1, that it was meant by such provision that before a resident criminal district attorney lawfully could exist there must first be created a

"Criminal District Court" for such county; such a construction would destroy the obvious intention of Sec. 21 to avoid having both a county attorney and a resident district attorney to represent the State, an unnecessary duplication of effort, since in order to attain the end sought it would require as a basis therefor a criminal district court, and even then there would be no one who could act as the State's representative in civil matters in the courts of the county. Under the section in question the Legislature has authority to limit the duties of district attorneys to matters of a criminal nature except where he is a resident of such county. A resident criminal district attorney's duties being fixed by the Constitution, since he acts in the place of a county attorney, his duty is to represent the State in all cases in the district court and inferior courts. To accord to the words "resident criminal district attorney" as used in Sec. 21, Art. V, the meaning as contended for by appellant would be to place an undue emphasis upon the word "criminal" and to ignore the more important one "resident," which is the primary and effective one in the phrase. There being no express or implied restraint upon the power of the Legislature to create an office designated as criminal district attorney as a part of a district court of general jurisdiction, the act of the Legislature herein under consideration is valid and constitutional.

The judgment of the trial court is affirmed.