

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 6, 1951

Hon. Allen Harp
District Attorney
100th Judicial District
Childress, Texas

Opinion No. V-1201

Re: Constitutionality and
mandatory or discretion-
ary character of Senate
Bill 444, Acts 52nd Leg-
islature, authorizing
appointment of a steno-
grapher and provision of
office space for the Dis-
trict Attorney of the
100th Judicial District.

Dear Sir:

Reference is made to your request in which you
ask the following questions:

1. Is Senate Bill 444, Acts of the
52nd Legislature, 1951, constitutional?

2. Are the provisions contained there-
in mandatory or discretionary on the part of
the commissioners' courts involved?

The bill appears to be in proper form in every
respect. Section 1 of the bill provides:

"The District Attorney of the 100th
Judicial District of Texas is hereby au-
thorized to appoint a stenographer who shall
receive a salary not to exceed Twenty-four
Hundred Dollars ($2400) per annum. Said
salary shall be fixed and determined by
the District Attorney of said Judicial Dis-
tricts, and the District Attorney shall
file with the Commissioners Court of each
County in said District a statement speci-
fying the amount of salary to be paid said
stenographer. Said salary shall be paid
monthly by the Commissioners Court of each
County comprising said District in the man-
ner and on the same pro ratio basis as that

contained in the order of the District
Judge of such Districts for the payment
of the salary of the official shorthand
reporter.

"The Commissioners Court of the County
in which the District Attorney resides shall
furnish the District Attorney with adequate
office space and the supplies necessary to
the efficient operation of said office."

Section 56 of Article III, Constitution of Texas, provides in part:

"The Legislature shall not, except as
otherwise provided in this Constitution, pass
any local or special law, . . .

"  . . .

"Regulating the affairs of counties,
cities, towns, wards or school districts;"

It is apparent that Senate Bill 444 falls within the classification of a local or special law. To be invalid as such, it must come within the provisions of Section 56 of Article III of the Constitution of Texas Fort Worth v. Bobbitt, 121 Tex. 14, 36 S.W.2d 470, 41 S.W. 2d 228 (1931); Bexar County v. Tynan, 128 Tex. 223, 97 S.W. 2d 467 (1936); Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941).

Section 1 of Article V, Constitution of Texas, provides:

"The judicial power of this State shall
be vested in one Supreme Court, in Courts of
Civil Appeals, in a Court of Criminal Appeals,
in District Courts, in County Courts, in Com-
missioners Courts, in Courts of Justices of
the Peace, and in such other courts as may be
provided by law.

"The Criminal District Court of Galveston
and Harris Counties shall continue with the
district jurisdiction and organization now
existing by law until otherwise provided by
law.

"The Legislature may establish such
other courts as it may deem necessary and
prescribe the jurisdiction and organization
thereof, and may conform the jurisdiction
of the district and other inferior courts
thereto."

The court, in Jones v. Anderson, 189 S.W.2d 65
(Tex.Civ.App. 1945, error ref.), upheld Article 52-161,
V.C.C.P., creating the office of Criminal District At-
torney for Bexar County.  Among other things, the act
provided for the appointment of assistant district at-
torneys, investigators, and stenographers, and fixed
their salaries.  The court stated:

"Section 1 of said Article 5 clearly
authorizes the Legislature to enact just
such a bill as House Bill 131, now known
as Article 52-161, Vernon's Code of Crim-
inal Procedure.

" . . .

"Appellant further complains that the
Act violates Sections 56 and 57 of Article
3 of our constitution in that it attempts to
regulate the affairs of a county by a local
or special law.  We overrule this contention,
the first sentence in Section 56 reads as fol-
lows:  'The Legislature shall not, except as
otherwise provided in this Constitution, pass
any local or special law.'  Section 1, Arti-
cle 5, of the Constitution authorizes the
enactment of just such an act as Article 52-
161, C.C P., and is therefore made an excep-
tion in the very first sentence of Sec. 56,
Art. 3, of the Constitution.  . . ."  (189
S W.2d at 66.)

In Harris County v. Crooker, 224 S W. 792 (Tex.
Civ.App. 1920), affirmed 112 Tex. 450, 248 S.W. 652(1923),
the court upheld an act, special in nature, which changed
"the territorial limits of the criminal jurisdictional
district composed of Galveston and Harris Counties so as
to include Harris County alone," and which provided for
the compensation of the "district attorney for said court."
In holding that the Legislature derived its authority to
pass such an act from Section 1 of Article V, the court
said:

"We think it should be held that, when
the people by said section 1 of article 5
specifically conferred upon the Legislature
power to enact a special law creating and
providing for the organization of the court
referred to, they intended the power to in-
clude everything necessary or proper to be
done to that end, and that one of the things
necessary and proper to be done was to pro-
vide compensation for those who were to con-
stitute the court.  Of course, if that was
the intention of the makers of the Constitu-
tion, they did not intend that the inhibition
in section 56 of article 3 against special
laws regulating the affairs of counties should
be applied to the case."  (224 S.W. at 796.)

The court, in Neal v. Sheppard, 209 S.W.2d 388
(Tex.Civ.App. 1948, error ref.), upheld Article 199-124,
V.C.S., a special law for the 124th Judicial District,
composed of Gregg County.  Among other things, the act
authorized the appointment of assistant district attor-
neys, an investigator, and a stenographer for the Crim-
inal District Attorney of the 124th Judicial District
and fixed the salaries to be paid to each.

In view of the foregoing, it is our opinion that
Senate Bill 444, Acts 52nd Leg., 1951, does not violate
Section 56 of Article III, Constitution of Texas, and there-
fore is constitutional.

In 2 Sutherland, Statutory Construction (3rd Ed.
1943) 216, it is stated:

"Although in every case the legislative
intent should control in determining whether
a statute or some of its provisions are manda-
tory there are, nevertheless, certain forms
and certain types of statutes which generally
are considered mandatory.  Unless the context
otherwise indicates the use of the word 'shall'
(except in its future tense) indicates a man-
datory intent."

In Elms v. Giles, 173 S.W.2d 264, 268 (Tex.Civ.
App. 1943, error ref. w.o.m.) the court, in construing an
act to determine whether it was mandatory or permissive,
stated:

"... By the use of the word 'shall' in each of the provisions above quoted, the Act makes it mandatory that such notices be given ..."

The word "shall" is used in Senate Bill 444 in each instance wherein the duties of the commissioners' courts are prescribed. In view of the foregoing, it is our opinion that Senate Bill 444, Acts 52nd Leg., 1951, is mandatory in regard to the provisions relating to the duties of the commissioners' courts involved.

## SUMMARY

Senate Bill 444, Acts 52nd Leg., 1951, authorizing the District Attorney of the 100th Judicial District to appoint a stenographer, is constitutional. The provisions of the act relating to the duties of the affected commissioners' courts are mandatory.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

Charles D. Matthews
First Assistant

BA:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *Bruce Allen*
Bruce Allen
Assistant