

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

April 8, 1953

Hon. Ottis E. Lock, Chairman
Senate Finance Committee
53rd Legislature
Austin, Texas

Opinion No. S-26

Dear Sir:

Re: Constitutionality of
House Bill 561.

You have requested an opinion of the constitutionality of House Bill 561 of the 53rd Legislature creating the office of District Attorney for the Criminal District Court of Harris County, abolishing the office of Criminal District Attorney of Harris County and transferring all civil matters to the County Attorney of Harris County.

House Bill 561 and its companion, House Bill 562, create the office of District Attorney for the Criminal District Court of Harris County, abolish the office of Criminal District Attorney of Harris County, create the office of County Attorney for Harris County and prescribe the duties of each office.

It is now well settled that the Legislature is vested with the power to create the office of District Attorney and County Attorney, and prescribe their respective duties pursuant to the provisions of Section 21 of Article V of the Constitution of Texas. Reed v. Triplett, 232 S.W.2d 169 (Tex.Civ.App. 1950, error ref.); Neal v. Sheppard, 209 S.W.2d 388, (Tex.Civ.App. 1948, error ref.); Jones v. Anderson, 189 S.W.2d 65 (Tex.Civ.App. 1945, error ref.).

It is stated in Reed v. Triplett:

"The 51st Legislature was undoubtedly vested with power, had it deemed such action

necessary, to have created the office of
criminal district attorney in the 66th
Judicial District composed of Hill County
and to have abolished the office of county
attorney in that county.  Jones v. Anderson,
Tex.Civ.App., 189 S.W.2d 65, er.ref.; Neal
v. Sheppard, Tex.Civ.App., 209 S.W.2d 388,
er.ref.  But the Legislature did not attempt
to exercise any such power by the enactment
of Art. 322c of Vernon's Tex.Civ.Stats.  It
merely created the office of district at-
torney in the 66th Judicial District of Hill
County without abolishing or attempting to
abolish the office of county attorney in
that county.  We see no Constitutional in-
hibition against the exercise of such power,
even though the judicial district within
which the office of district attorney was
created consists only of Hill County . . ."

You are therefore advised that House Bill 561
and House Bill 562 are constitutional.  We deem it
advisable to point out, however, that Section 21 of
Article V of the Constitution provides that "A county
attorney, for counties in which there is not a resident
criminal district attorney, shall be elected by the
qualified voters of each county, who shall be commissioned
by the Governor, and hold his office for the term of two
years."  In view of this provision, House Bill 561 abolish-
ing the office of Criminal District Attorney of Harris
County and creating the office of District Attorney for
the Criminal District Court of Harris County should be
enacted prior to House Bill 562 creating the office of
County Attorney.

## SUMMARY

House Bill 561 and House Bill 562 abol-
ishing the office of Criminal District At-
torney of Harris County, creating the office
of District Attorney for the Criminal District

Court of Harris County, and creating the office of County Attorney for Harris County are constitutional.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. C. Davis, Jr.
County Affairs Division

C. K. Richards
Reviewer

By *John Reeves*
John Reeves
Assistant

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JR:am