# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711
ATTORNEY GENERAL


December 13, 1974

The Honorable Harold Hollingsworth
Criminal District Attorney
Kaufman County
Kaufman, Texas  75142

Opinion No. H- 473

Re: Eligibility of Criminal
District Attorney to be a
member of State Retirement
System.

Dear Mr. Hollingsworth:

You have requested an opinion as to whether the Criminal
District Attorney of Kaufman County is eligible to participate in,
the Employees Retirement System of Texas established by article
6228a, V.T.C.S. which provides in section 3 (B)(1):

> The membership of said Retirement System
> shall be composed of any elective State official or
> appointee in an elective office of the state, including
> all elected or appointed members of State Legisla-
> ture, and District Attorneys receiving salaries paid
> by the State from the State General Revenue Fund,
> but shall not include any elective official in the
> Judicial, Education, District, or County, of the
> State of Texas other than those expressed eligible
> as provided herein.

Thus, to be eligible for the Retirement program the Criminal District
Attorney must be a "District Attorney" and be receiving a salary paid
by the State from the General Revenue Fund.

The Supreme Court of Texas in Hill County v. Sheppard, 178
S.W. 2d 261 (Tex. Sup. 1944) defined the term "criminal district
attorney":

> . . . it is, our opinion that the term criminal
> district attorney refers to a class or kind of
> district attorneys, and that a criminal district
> attorney is a district attorney within the meaning
> of the Constitution.
>
> The office of District Attorney, including that
> of criminal district attorney, is a constitutional
> office, the duties and compensation of which are
> provided for in Article V, Section 21, of the
> Constitution . . . .    178 S. W. 2d at 263.

See also:  Neal v. Sheppard, 209 S. W. 2d 388 (Tex. Civ. App. --Texarkana 1948, writ ref.); and 20 TEX. JUR. 2d District Attorney §1 (1960 ed).

Under the provisions of article 326k-71, which created the office of the Criminal District Attorney of Kaufman County, the Criminal District Attorney's salary is paid out of both state and county funds. Section 4, of article 326k-71 provides:

> The  Criminal District Attorney of Kaufman County
> shall be commissioned by the governor, and shall
> receive as compensation an annual salary payable in
> equal monthly installments.  The salary shall include
> the amount equal to the amount paid district attorneys
> by the State of Texas, and shall be paid by the comptroller
> of public accounts, as appropriated by the legislature.
> In addition, the Criminal District Attorney of Kaufman
> County shall be paid in equal bimonthly installments out
> of the officers' salary fund of Kaufman County an amount
> which, when added to the amount paid by the State of
> Texas, equals an amount not less than 90 percent of the
> total salaries paid to the Judge of the 86th Judicial District
> by the State of Texas and Kaufman, Van Zandt, and
> Rockwall counties.

In Attorney General Opinion M-1087 (1972) this office held that a Criminal District Attorney paid entirely from state funds was eligible to participate in the state retirement program authorized by article

6228a.   Similarly it is our opinion that the Criminal District Attorney
of Kaufman County is eligible to participate in the Employees Retirement
System of Texas established by article 6228a to the extent of the amount
of his salary paid by the state.   This conclusion is in accordance with
the general program outlined in article 6228g providing for a County
and District Retirement System.   See   section 11(A)(1) of article 6228g,
entitled "optional coverage of employees receiving supplemental compensa-
tion from participating counties" and providing that

> The governing body of any participating county
> which pays compensation from county funds to a
> person regularly engaged in the performance of
> the duties of an elective or appointive State or
> district office in addition to that received from
> the State of Texas, may by order of the governing
> body provide that the persons shall be considered
> employees of the county, and as such eligible for
> membership in the System to the extent of the
> compensation paid the person by the county.

## SUMMARY

The Criminal District Attorney of Kaufman
County is eligible to participate in the Employees
Retirement System established by article 6228a,
V. T. C. S., to the extent of the amount of his salary
paid by the state.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee