

# The Attorney General of Texas

May 23, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Neal E. Birmingham
Cass County District Attorney
P. O. Box 555
Linden, Texas    75563

Opinion No. JM-319

Re: Whether a county is required
to contribute to the compensation
of a criminal district attorney

Dear Mr. Birmingham:

You inform us that you were appointed to fill an unexpired term of the office of criminal district attorney of Cass County because of the resignation of the elected official. You also inform us that you requested, but were refused, a salary supplement in addition to the salary you receive from the state under article 332b-4, V.T.C.S. [hereinafter the Professional Prosecutors Act], from the Cass County commissioners court. You request the supplement to compensate you for civil work which in this case you performed for Cass County but which is normally performed by a county attorney. In that regard you first ask:

> Does the commissioners court have the discretion to refuse [to compensate the criminal district attorney for legal work performed as county attorney]"

The office of Cass County criminal district attorney was created by the legislature in 1955. See V.T.C.S. art. 326k-32, §1. Article 326k-32, section 3, V.T.C.S., provides:

> Sec. 3. It shall be the duty of the Criminal District Attorney of Cass County, as herein provided, to be in attendance upon each term and all sessions of the District Court of Cass County and all of the sessions and terms of the inferior courts of Cass County held for the transaction of criminal business, and to exclusively represent the State of Texas in all criminal matters pending before said courts and to represent Cass County in all matters pending before such courts and any other court where Cass County has pending business of any kind, nature or interest and in addition to the specified powers given and the duties imposed upon him by this Act, all such powers, duties and privileges within Cass County as are now by law

> conferred or which may hereafter be conferred upon the district and county attorneys in the various counties and judicial districts of this State. He shall collect such fees, commissions and perquisites as are now or hereafter may be provided by law for similar services rendered by district and county attorneys of this State.

Thus, the criminal district attorney of Cass County is required to perform duties which are normally performed by both a district attorney and a county attorney. Under the provisions of article 332b-1, V.T.C.S., the commissioners court of Cass County had permissive authority to pay its criminal district attorney any compensation it deemed advisable in addition to the salary paid the criminal district attorney by the state. See Acts 1977, 65th Leg., ch. 742, §1, at 1866. However, in 1983, the legislature amended article 332b-4, section 2, V.T.C.S., the Professional Prosecutors Act, to include the Cass County criminal district attorney in that act. See Acts 1983, 68th Leg., ch. 789, §1, at 4624, eff. June 19, 1983. Section 3 of the Professional Prosecutors Act provides:

> Sec. 3. Each district attorney governed by this Act shall receive from the state compensation equal to 90 percent of the compensation that is provided for a district judge in the General Appropriations Act. Each commissioners court may supplement the district attorney's state salary, but shall in no event pay the district attorney an amount less than the compensation it provides its highest paid district judge. (Emphasis added).

V.T.C.S. art. 332b-4, §3. Accordingly, we conclude that the Professional Prosecutors Act is controlling in your situation.

In response to your first question, we believe that the Professional Prosecutors Act authorizes the Cass County commissioners court to refuse to compensate the criminal district attorney for legal work performed as county attorney. Cass County does not have an office of county attorney. The criminal district attorney is required to perform those duties along with his duties as a criminal prosecutor. See V.T.C.S. art. 326k-32, §3; Tex. Const., art. 5, §21; Neal v. Sheppard, 209 S.W.2d 388, 390 (Tex. Civ. App. - Texarkana 1948, writ ref'd).

However, article 332b-4, section 3, V.T.C.S., as quoted above, permits the commissioners court to supplement the district attorney's state salary. We also note that article 332b-4, section 3, V.T.C.S., provides that a commissioners court "may" supplement the district attorney's state salary. That term generally creates a discretionary and not a mandatory function. See Matter of Estate of Minnick, 653 S.W.2d 503 (Tex. Civ. App. - Amarillo 1983, no writ). To construe the

term "may" in this context as discretionary would be consistent with section 6, which implies that the local supplementation of the district attorney's salary is not necessary to give effect to the purpose of the statute. V.T.C.S. art. 332b-4, §6. Thus, the Cass County commissioners court may refuse to supplement the salary of the criminal district attorney, even though his duties include civil work normally performed by a county attorney.

You next ask:

> Does the commissioners court have the discretion to set any amount, i.e., a dollar a year, or must it pay a realistic amount consistent with the duties performed?

As indicated above, the Professional Prosecutors Act is controlling as to the compensation of the criminal district attorney in Cass County. The only provision in the act establishing a criterion as to the amount of salary supplement the commissioners court may provide the criminal district attorney is found in section 3, which provides in part:

> Each commissioners court may supplement the district attorney's state salary, but shall in no event pay the district attorney an amount less than the compensation it provides its highest paid district judge. (Emphasis added).

V.T.C.S. art. 332b-4, §3. Thus, the minimum amount the commissioners court may supplement is set by the amount it determines to supplement the salary of its highest paid district judge.

You inform us that Cass County has only one district judge and that the only supplement by the commissioners court to the judge's state salary is $100.00 per month for serving as a member of the juvenile board. This office has previously held that, in computing a district attorney's supplementary salary, a county must include any supplement it pays district judges for services on the juvenile board. See Attorney General Opinion MW-87 (1979). Therefore, we conclude that, should the Cass County commissioners court decide to supplement the criminal district attorney's state salary under the circumstances you describe in your request, it must provide him not less than $100.00 per month.

## S U M M A R Y

Article 332b-4, section 3, V.T.C.S., does not require a commissioners court to supplement the salary of a criminal district attorney whose duties include legal work normally performed by a county attorney in counties having the official.

Article 332b-4, section 3, V.T.C.S., does require a minimum amount by which a county commissioners court may supplement the state salary of a criminal district attorney.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton