

# The Attorney General of Texas

March 20, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Stephen C. Howard
Orange County Attorney
Courthouse
Orange, Texas    77630

Opinion No. JM-455

Re: Whether section 45.281(d) of the Government Code prohibiting the private practice of law by the Orange County Attorney, contravenes the equal protection provisions of the state and federal constitutions

Dear Mr. Howard:

You ask whether section 45.281(d) of the Government Code which prohibits the Orange County Attorney and his assistants from engaging in the private practice of law is a denial of equal protection under both the state and federal Constitutions. We conclude that it is not.

Section 45.281 of the Government Code provides:

> (a) Orange County, in which the county attorney performs the duties of a district attorney, is entitled to receive annually from the state an amount equal to the compensation paid by the state to district attorneys. The compensation from the state shall be paid into the salary fund of the county in equal monthly installments.

> (b) The county attorney of Orange County is entitled to receive as compensation an amount at least equal to the amount paid to the county by the state under Subsection (a) and any additional amount that the commissioners court of the county sets as adequate compensation for the county attorney.

> (c) Orange County is not entitled to receive state funds under Subchapter C, Chapter 41, in addition to the state compensation provided by Subsection (a).

> (d) The <u>county attorney and assistant county attorneys may not engage in the private practice of law except in civil matters involving the county.</u>

> This subsection does not prohibit the commissioners
> court from employing and compensating the county
> attorney to represent the county in civil and con-
> demnation cases. (Emphasis added).

This statutory provision was enacted in 1969 as article 3887a-1, V.T.C.S., with population brackets that applied only to Orange County at that time. See Acts 1969, 61st Leg., ch. 755, at 2213. In both 1971 and 1981, the legislature amended article 3887a-1 so that it continued to apply to Orange County. See Acts 1971, 62nd Leg., ch. 266, §1, at 1161; Acts 1971, 62nd Leg., ch. 542, §120, at 1847; Acts 1981, 67th Leg., ch. 237, §106, at 586. Finally, in 1985, the Sixty-ninth Legislature, in an act relating to nonsubstantive revision of statutes relating to the judiciary, recodified article 3887a-1, V.T.C.S., as section 45.281 of the Government Code. See Acts 1985, 69th Leg., ch. 480, §45.281, at 3897. The prohibition against the private practice of law by the county attorney and his assistants has remained a part of the provision from its inception.

It is your contention that section 45.281(d), which prohibits the Orange County Attorney and his assistants from engaging in the private practice of law, is a denial of equal protection under either article I, section 3 of the Texas Constitution or the Fourteenth Amendment to the United States Constitution. The courts have applied the federal standard in considering both the state and federal constitutional provisions. Spring Branch Independent School District v. Stamos, 695 S.W.2d 556, 560 (Tex. 1985); Detar Hospital, Inc. v. Estrada, 694 S.W.2d 359, 365 (Tex. App. – Corpus Christi 1985, no writ). Thus, we must evaluate the legislative classification by applying a two tier analysis. See Clements v. Fashing, 457 U.S. 957, 963 (1982); see also Detar Hospital, Inc. v. Estrada, supra, at 365. If the classification involves a fundamental right or a suspect class, the state bears a heavy burden to justify the classification. But if these rights or interests are absent from the classification, the state need only show that the basis for the classification was reasonably related to the legislative purpose. See Clements v. Fashing, supra, at 963; see also University Interscholastic League v. North Dallas Chamber of Commerce Soccer Association, 963 S.W.2d 513, 517 (Tex. App. – Dallas 1985, no writ). We are of the opinion that there is no fundamental right or suspect class involved under the circumstances presented to us.

A public official does not have a fundamental right to maintain a private practice of law during his term of office. The Fifth Circuit Court of Appeals has held that a university which employs attorneys as faculty members "may decide to forbid the practice of law to every member of its faculty." See Trister v. University of Mississippi, 420 F.2d 499, 504 (5th Cir. 1969); see also Gosney v. Sonora Independent School District, 603 F.2d 522, 526 (5th Cir. 1979). Hence, a person has no constitutional right to engage in the unlimited private practice of a profession while holding a public position of employment. We believe that this rule is particularly applicable to

public officials who are entrusted with a higher duty to the citizens of the state. Therefore, we must decide whether the basis for the state legislature's prohibition of the Orange County Attorney and his assistants from the private practice of law is reasonably related to the object and goals of the state. In order to make this determination, it is necessary to understand the nature and function of the Orange County Attorney and his assistants within the Texas criminal justice system.

As a preliminary matter, section 45.281 of the Government Code was enacted pursuant to article V, section 1 of the Texas Constitution which provides in part:

> The Legislature may establish such other courts as it may deem necessary and <u>prescribe the juris-diction and organization thereof.</u> . . . (Emphasis added).

This constitutional provision has been construed to include the office of district attorney. <u>Harris County v. Crooker</u>, 248 S.W. 652, 653 (Tex. 1923). The legislature has been given broad discretion under the provision to prescribe the organization and function of the offices of county attorney, district attorney, and criminal district attorney within a judicial district. <u>See</u> <u>Neal v. Sheppard</u>, 209 S.W.2d 388, 390 (Tex. Civ. App. - Texarkana 1948, writ ref'd). A statute enacted pursuant to article V, section 1 of the Texas Constitution presenting the organization of the office of county attorney is an authorized exception to the constitutional prohibition against enactments of local and special laws. <u>Jones v. Anderson</u>, 189 S.W.2d 65, 66 (Tex. Civ. App. - San Antonio 1945, writ ref'd). Consequently, section 45.281, which only applies to Orange County and prohibits the Orange County Attorney and his assistants from the private practice of law is a valid local and special law expressly authorized by article V, section 1 of the Texas Constitution.

Under the authority of article V, section 1 of the Texas Constitution, the state legislature has created various judicial districts. In each judicial district there is a prosecuting attorney who represents the state in criminal proceedings. <u>See</u> <u>Brady v. Brooks</u>, 89 S.W. 1052, 1056 (Tex. 1905); <u>see also</u> 31 Tex. Jur. 3d <u>District and Municipal Attorneys</u> §20. The prosecutorial function is performed in the various judicial districts by either a district attorney, criminal district attorney, or a county attorney. <u>See</u> Tex. Const. art. V, §21. The office of district attorney is a constitutional office, which is an officer of the state and the court. <u>See</u> <u>Lackey v. State</u>, 190 S.W.2d 364, 365 (Tex. Crim. App. 1945). The office of district attorney has been interpreted to include the office of criminal district attorney. <u>See</u> <u>Hill County v. Sheppard</u>, 178 S.W.2d 261, 263 (Tex. 1944). However, there can be no criminal district attorney when the legislature has authorized a county attorney to perform the prosecutorial function in a particular county.

See Tex. Const. art. V, §21. Hence, the legislature has required the county attorney of Orange County to perform the prosecutorial function within Orange County. See Gov't. Code §45.281. Consequently, each judicial district is organized differently in order to ensure the efficient and effective administration of justice.

While it is true that, not every district, county, or criminal district attorney is prohibited from engaging in the private practice of law, we are of the opinion that the legislative determination to prohibit the Orange County Attorney and his assistants from engaging in the private practice of law is reasonable and well within the constitutional power of the legislature, since every judicial district is organized pursuant to a special legislative enactment. See Gov't. Code, §§24.001 et seq. There is a legitimate legislative purpose in preventing the private practice of law in some districts while allowing it in others. It is reasonable for the legislature to prevent the private practice of law in those districts when such a practice will interfere with the efficient and effective administration of justice. The Orange County Attorney is not the only public official performing a prosecutional function within a judicial district which is prohibited from maintaining a private practice of law. See Gov't. Code §44.143(c) (Collin County criminal district attorney); Gov't. Code §44.157(g) (Dallas County criminal district attorney); Gov't. Code §43.180(g) (Harris County district attorney); Gov't. Code §44.161(g) (Denton County criminal district attorney); Gov't. Code §44.221 (Jasper County criminal district attorney). In addition, the legislature has prohibited all those attorneys under the Professional Prosecutors Act from engaging in the private practice of law. See Gov't. Code §§46.001, et seq. We cannot presume that the legislature has acted unreasonably or arbitrarily in determining that a separate private practice of law by the Orange County Attorney and his assistants will hinder the effective and efficient administration of justice in the 128th Judicial District. See Detar Hospital, Inc. v. Estrada, supra, at 365. Moreover, a state may apply different laws, or its laws differently, to reasonable classes of persons without violating the equal protection clause of the Fourteenth Amendment. See Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 673 (Tex. 1968). The amendment prohibits a legislature only from treating differently persons who are "similarly situated" differently. See Yick Wo v. Hopkins, 118 U.S. 356, 374 (1886). Accordingly, we conclude that section 45.281(d) of the Government Code does not deny the Orange County Attorney and his assistants the equal protection of the law under either the state or federal Constitution.

SUMMARY

Section 45.281 of the Government Code which prohibits the Orange County Attorney and his assistants from engaging in the private practice of law is not a denial of equal protection under either article I, section 3 of the Texas

Constitution or the Fourteenth Amendment to the United States Constitution. A public official or employee does not have a fundamental right to maintain a private practice of law during his term of office.

There is a legitimate legislative purpose in preventing the private practice of law in some judicial districts while allowing it in others. It is reasonable for the legislature to prevent the Orange County Attorney and his assistants from engaging in the private practice of law to ensure the efficient and effective administration of justice within the judicial district.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General